UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MARVIN MIDDLETON,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY., *et al.*,<br><br>Defendants. | Civil No. 6:25-cv-00051-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Marvin Middleton's Motion to Remand. [R. 10.] In Middleton's view there is no complete diversity of citizenship in this case, thus justifying remand. By contrast, the Defendants contend that Defendant Justin Mays Insurance & Financial Services, Inc. was fraudulently joined and thus jurisdiction is appropriate. Because Justin Mays Insurance & Financial Services, Inc. was fraudulently joined in this matter, Middleton's Motion to Remand **[R. 10]** is **DENIED** and Defendant Justin Mays Insurance's Motion to Dismiss **[R. 7]** is **GRANTED**.

**I**

On February 24, 2024, Plaintiff Marvin Middelton's residence was destroyed in a fire. [R. 1-1 at 3.] At that time, Middleton maintained a homeowners insurance policy issued by Defendant State Farm Fire and Casualty Company. [R. 7-1 at 2.][1] Following the loss,

---

[1] Plaintiff names both State Farm Fire and Casualty Company and State Farm Mutual Insurance Company as Defendants. In the complaint, he refers to the issuing insurer as "State Farm Fire and Casualty Company and/or State Farm Mutual Insurance Company" and states that he submitted a claim under "the policy/policies," without specifying whether he is referencing one or multiple policies. Middleton's affidavit mentions a homeowners insurance policy, a life insurance policy, and an automobile policy. [R. 10-2.] However, the primary policy at issue here is the homeowners insurance policy in which the

Middleton submitted a claim for coverage under the policy. *Id.* That claim was subsequently denied. *Id.* On February 24, 2025, Middleton initiated a civil action in Harlan County Circuit Court against Defendants State Farm Fire and Casualty Company, State Farm Mutual Insurance Company (together, "the State Farm Entities"), Justin Mays Insurance & Financial Services Inc. ("Mays"), and "Unknown Defendants." [R.1-1.] Middleton claims that the denial of his insurance claim constitutes a breach of contract and breach of the insurance policy. *Id.* He alleges that the Defendants fraudulently induced him to purchase the policy by representing that he would be compensated in the event his home was destroyed. *Id.* Middleton further claims that Defendant Mays – who assisted him in procuring the policy – made false verbal assurances regarding coverage that were either knowingly untrue or made without intent to honor them, for the sole purpose of effectuating the sale of the policy. *Id.*

On March 24, 2025, the State Farm Entities filed a timely Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [R. 1.] The Notice asserts that complete Diversity exists because Middleton is a citizen of Kentucky, both State Farm entities are organized and incorporated in Illinois, and the amount in controversy exceeds $75,000. *Id.* Although Defendant Mays is also a Kentucky citizen, the State Farm Entities contend that his inclusion does not defeat diversity jurisdiction because Mays was fraudulently joined. *Id.* Specifically, they assert that Middleton has failed to state a viable claim against Mays for either breach of contract or fraud. *Id.*

In response, Middleton filed a Motion to Remand. [R. 10.] Both the State Farm Entities and Defendant Mays submitted responses in opposition. [R. 13; R. 15.] Defendant Mays has also moved to dismiss Middleton's breach of contract and fraud claims against him pursuant to

---

declarations page indicates that Middleton was the named insured on a homeowners policy issued by State Farm Fire and Casualty Company. [R. 7-3.]

Federal Rule of Civil Procedure 12(b)(6). [R. 7.] The Court now addresses both the Motion to Remand and the pending Motion to Dismiss.

## II

### A

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original federal question jurisdiction over civil actions that arise under the "Constitution, laws, or treaties" of the United States pursuant to 28 U.S.C. § 1331. This Court also has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between parties who are "citizens of different States." *See* 28 U.S.C. § 1332(a). Federal courts are courts of limited jurisdiction, and therefore any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

In this case, removal was predicated on diversity jurisdiction. In his Motion to Remand, Middleton argues that this Court lacks diversity jurisdiction because there is not complete diversity as Defendant Mays is a citizen of Kentucky, just like Middleton. [R. 10-1 at 4–5.] Middleton further contends that Defendants have failed to meet their burden of demonstrating fraudulent joinder. *Id.* at 7. Middleton asserts that he has a colorable basis for recovery against

Defendant Mays as all allegations in the complaint must be taken as true, any contested factual issues must be construed in his favor, and as such his claims within the complaint are sufficient to defeat removal. *Id.* at 5–8.

In response, Defendants, through separate filings, maintain that Middleton has not asserted a colorable claim under either pleading. [R. 13 at 3; R. 15 at 2.] With respect to the breach of contract claim, Defendants argue that under both Kentucky law and Sixth Circuit precedent individual insurance agents cannot be held liable for breach of contract as no privity of contract exists between insurance agents and the insured. [R. 13 at 4; R. 15 at 5–6.] As for Middleton's fraud/fraudulent inducement claims, Defendants assert that the allegations in the complaint are not sufficiently specific and as such fall short of the heightened pleading standard required under both Kentucky Rule of Civil Procedure 9.02 and Federal Rule of Civil Procedure 9(b). [R. 13 at 5–8; R. 15 at 6–9.]

**1**

Federal courts may not exercise diversity jurisdiction under 28 U.S.C. § 1332 unless there is complete diversity between all plaintiffs and all defendants. *Cox ex rel. Dermitt v. Liberty Healthcare Corp.,* 622 F. Supp. 2d 487, 502 (E.D. Ky. 2008) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 119 (1999)). When a non-diverse party has been named as a defendant, removal is only proper if the removing party can show that the non-diverse party was fraudulently joined. *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Certain Interested Underwriters at Lloyd's, London, England v. Layne,* 26 F.3d 39, 41 (6th Cir.1994)). Fraudulent Joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Id.* (quoting *Triggs v John Crump Toyota Inc.*, 154 F. 3d 1284, 1287 (11th Cir. 1998). To succeed in demonstrating fraudulent joinder, the removing

party must show that there is no "colorable cause of action" against the non-diverse defendant under applicable state law, even when all disputed issues of fact are construed in the Plaintiff's favor. *Id*. In this case, because Defendant Mays is a citizen of Kentucky, this Court may only exercise diversity jurisdiction if Middleton has fraudulently joined Defendant Mays to defeat complete diversity.

a

Under Kentucky law, a breach of contract claim requires the existence of privity of contract between the parties. *Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 579 (Ky. 2004). Courts routinely recognize that under Kentucky law insurance agents are not parties to an insurance contract and cannot be held liable for its breach, rather, such policies are contracts between the insurer and the insured. *See Estate of Riddle v. State Farm Life Ins. Co.*, 421 F.3d 400, 404 (6th Cir. 2005) ("Insurance policies are simply contracts between an insurer and the insured."); s*ee, e.g.*, *Griffin v. Middlefork Ins. Agency*, 2017 U.S. Dist. LEXIS 164274, at *4–6 (E.D. Ky. Oct. 4, 2017) (dismissing breach of contract claim against an insurance agent due to lack of privity); *Noble v. State Farm Mut. Auto. Ins. Co.*, 2022 U.S. Dist. LEXIS 43378 (E.D. Ky. Mar. 11, 2022) (same).

Here, it is worth noting that Middleton, in his Motion to Remand, does not reference, nor argue with any specificity, that he has a viable breach of contract claim against Defendant Mays or a colorable basis for recovery on such a claim. Instead, the motion focuses exclusively on the fraudulent inducement claim as its basis. Defendant Mays notes this in his response. [R. 15 at 6.] In any event, because Defendant Mays is an insurance agent who merely assisted Middleton in obtaining the policy, the contract exists exclusively between Middleton and the State Farm Entities. As such, Defendant Mays is not a party to the contract, there is no privity of contract,

5

and Middleton cannot maintain a breach of contract claim against him under Kentucky law. Accordingly, Middleton lacks a colorable cause of action on this claim, and it cannot serve as a basis to defeat removal.

**b**

Under Kentucky law, in order to prevail on a claim of fraudulent inducement a Plaintiff must show (1) a material misrepresentation; (2) that misrepresentation is false; (3) the person who makes the representation knows it is false, or made the representation with recklessness as to its falsity; (4) the representation is "made with inducement to be acted upon;" (5) the person whom the representation is made acts in reliance on such representation; and (6) injury is caused to that person. *Bear, Inc. v. Smith*, 303 S.W.3d 137, 142 (Ky. App. 2010). "[M]isrepresentations supporting an allegation of fraud must be made concerning a present or pre-existing fact, and not in respect to a promise to perform in the future." *Id.* Similar to Federal Rule of Civil Procedure 9(b), fraud claims in the state of Kentucky are subject to a heightened pleading standard where the party alleging fraud must state the circumstances constituting such fraud with sufficient particularity. Ky. R. Civ. P. 9.02; *Scott v. Farmers State Bank*, 410 S.W.2d 717, 722 (Ky. 1996). A Plaintiff meets this burden by setting forth the "time, place, and substance" of the alleged fraud. *Keeton v. Lexington Track Sales, Inc.*, 275 S.W.3d 723, 726 (Ky. Ct. App. 2008). Mere general assertions of fraud are insufficient without such supporting specificity. *Denzik v. Denzik*, 197 S.W. 3d 108, 111 (Ky. 2006).

In this case, Middleton alleges that Defendant Mays induced him to purchase an insurance policy by assuring him that he would be compensated in the event of the destruction of his home. [R. 7 at 2.] Middleton further asserts that Defendant Mays made "certain express assurances and promises" concerning the simplicity and ease of the claims process that were not

honored. [R. 10-2 at 2.] Middleton characterizes the actual claims experience as a "nightmare," alleging it was wholly inconsistent with those prior representations. *Id.* at 3–4.

These allegations, however, do not meet the heightened pleading standard under Kentucky Rule of Civil Procedure 9.02. Middleton fails to identify any specific misrepresentation with the requisite particularity; no date or verbatim statements are offered. Rather, Middleton's complaint offers generalized grievances about the outcome of his insurance claim and his dissatisfaction with the claims process. Such conclusory assertions do not satisfy Rule 9.02's requirement to plead the circumstances of fraud with specificity. Moreover, to the extent that Middleton alleges Defendant Mays misrepresented that Middleton would be "paid" in the event of the loss of his home, this statement is not actionable. The insurance contract governs the scope of coverage and payment obligations. As discussed above, Defendant Mays is not a party to that contract. Any dispute regarding coverage lies with the State Farm Defendants, not Defendant Mays who served solely as a sales agent.

Likewise, Middleton's assertion that Defendant Mays described the claims process as "short," "simple," and "easy" does not constitute a material misrepresentation. At most, these are non-actionable statements of opinion or sales "puffery." *See e.g.*, *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 248 (6th Cir. 2012) ("A mere statement of opinion or prediction may not be the basis of an action. . . . Nor does "sales talk" or puffing which is universal and an expected practice ... amount to actionable misrepresentation.") (citations omitted). Even if Middleton later found the process to be burdensome due to requests from the State Farm Defendants for information, documentation, or an examination under oath, such requests were consistent with the terms of the policy and cannot by themselves render prior general opinions or characterizations by Defendant Mays fraudulent.

7

In short, Middleton has failed to plead with the required particularity any knowingly false, material representation by Defendant Mays concerning a present or pre-existing fact. The alleged statements are either non-specific, subjective, concerned an event that was not in existence at the time of the statement, or related to contractual matters governed by the insurance agreement itself. Accordingly, Middleton lacks a colorable cause of action for fraudulent inducement, and it cannot serve as a basis to defeat removal. Because Middleton lacks a colorable cause of action on both the breach of contract claim and the fraudulent inducement claim, Defendant Mays was fraudulently joined to this action and this Court retains valid jurisdiction. Consequently, his Motion to Remand is denied.

**B**

Defendant Mays also made a Motion to Dismiss Middleton's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). [R. 7.] To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must provide grounds for his requested relief that are more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of cause of action will not do." *Id.*

In reviewing a Rule 12(b)(6) motion, courts construe the complaint "in the light most favorable to the plaintiff" and make "all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). The complaint must enable a court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. To be plausible,

8

a claim need not be probable, but the complaint must show "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  A complaint that pleads facts that are consistent with but not demonstrative of the defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 556).  The moving party bears the burden of persuading a trial court that the plaintiff fails to state a claim. *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006).[2]

As discussed above, Middleton's claim against Defendant Mays for breach of contract fails as a matter of law because Defendant Mays was not a party to the insurance policy contract between Middleton and the State Farm Entities.  Further, Middleton's fraudulent inducement claim also fails as a matter of law because he did not plead his claim with sufficient particularity.  Because both of Middleton's claims against Defendant Mays fail as a matter of law, Defendant Mays' Motion to Dismiss will be granted.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Middleton's Motion to Remand **[R. 10]** is **DENIED**;

2. Defendant Justin Mays Insurance's Motion to Dismiss **[R. 7]** is **GRANTED**;

3. Plaintiff Middleton's claims against Justin Mays Insurance & Financial Services, Inc. are **DISMISSED with prejudice**.

---

[2] The Court notes that the standard for fraudulent joinder is similar to the standard for Rule 12(b)(6) motions, but is effectively more lenient for plaintiffs.  *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012).  In other words, the fraudulent joinder standard is more stringent for defendants to satisfy, and the fact the Defendants have done so here leads to the Court's natural conclusion that there is also a sufficient basis to dismiss Middleton's claims against Defendant Mays.

This the 5th day of June, 2025.

Gregory F. Van Tatenhove
United States District Judge